IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Melissa K. Adcox,**

   **Plaintiff,**

v.                     Case No. 15-9258-JWL

**Megan J. Brennan,**
**Postmaster General,**

   **Defendant.**

## MEMORANDUM & ORDER

  Plaintiff Melissa K. Adcox filed this suit against the United States Postal Service asserting claims arising out of her employment, including claims of gender-based disparate treatment, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff has failed to exhaust her administrative remedies. As will be explained, the motion is denied.

  Plaintiff at all relevant times was employed by the United States Postal Service. Plaintiff filed a discrimination complaint with the EEOC and, on June 25, 2015, an administrative law judge issued a decision in connection with plaintiff's complaint. On July 9, 2015, the Postal Service issued a Notice of Final Action to plaintiff. The Notice of Final Action expressly advised plaintiff that she could appeal the final decision to the Director, Office of Federal Operations, EEOC within 30 calendar days of her receipt of the final decision or, alternatively,

that she could file a civil action in federal district court within 90 calendar days of her receipt of the final decision; within 90 calendar days of the EEOC's final decision on any appeal; or within 180 days from the date of filing an appeal with the EEOC if no final decision on the appeal has been rendered by that time.  Plaintiff received the Notice of Final Action on July 13, 2015 and her lawsuit, filed on September 11, 2015, was filed well within the 90-day filing deadline.  The lawsuit makes no mention of any administrative appeal of the final agency decision.

Defendant nonetheless moves to dismiss the complaint on the grounds that plaintiff, in addition to filing her complaint in federal court, submitted to the EEOC a "Form 573" which is captioned "Notice of Appeal/Petition."[1]  According to defendant, plaintiff filed an appeal to the EEOC and, by doing so, divested this court of subject matter jurisdiction over her claims.  In support of its argument, defendant relies on *Wright v. Henderson*, 1999 WL 1127641, *1-2 (10th Cir. Dec. 9, 1999) in which the Circuit held that a plaintiff who elected to file an appeal with the EEOC could not file a complaint in federal court until either a decision on the appeal was rendered or until the expiration of 180 days.  Ultimately, the Circuit concluded that the plaintiff's complaint, filed 92 days after the appeal was filed but before any decision was rendered, was filed prematurely and that the district court correctly dismissed the complaint for lack of subject matter jurisdiction.  *See id*.

Plaintiff urges that *Wright* is distinguishable in two key respects.  According to plaintiff, she never intended to appeal to the EEOC but only to put the agency on notice of the filing of

---

[1] Because defendant presents a factual attack on the complaint, the court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to allow affidavits, other documents and, if necessary, a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  *See Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013).

her civil suit and, in any event, any appeal she filed was filed *after* the filing of her civil suit which could not divest this court of subject matter jurisdiction in any event.  The record supports the conclusion that plaintiff did not intend to appeal the final decision with the EEOC.  The Form 573 is signed by plaintiff's counsel, who contends in response to the motion to dismiss that plaintiff did not intend to appeal the decision but filed the Form 573 in an effort to notify the agency, as she believed she was required to do, that she had filed a civil lawsuit in federal court.  Indeed, plaintiff's counsel indicates on Form 573 that a civil lawsuit had been filed and was attached to the form.  Moreover, as highlighted by counsel, Form 573 was filed long after the 30-day deadline for filing an appeal and plaintiff never filed any brief in support of an appeal or attempted to explain the late filing of the "appeal."  Finally, plaintiff's complaint does not mention any intent to appeal the decision to the agency.  Other than counsel's use of Form 573, then, there are no facts indicating that plaintiff intended to initiate an appeal of the final decision to the EEOC.

Neither party directs the court to any case with the fact pattern presented here—the filing of a civil action followed by the filing of Form 573 with the EEOC.  This sequence of events is significant because, even if plaintiff intended to appeal to the EEOC by filing Form 573, the court seriously doubts that a subsequent appeal to the agency could divest this court of jurisdiction over a case pending before it.  Moreover, the EEOC's regulations permit the filing of a civil action within 90 days of the final agency decision "if no appeal has been filed."  29 C.F.R. § 1614.407 (a).  At the time plaintiff filed her timely lawsuit in this court, no appeal had been filed with the agency.  And, not surprisingly, there is no provision for filing an appeal with the agency after the filing of a lawsuit.  In fact, the regulations expressly prohibit the agency

from processing an appeal while a lawsuit is pending in federal court. See 29 C.F.R. 1614.409 (the filing of a lawsuit terminates the processing of an appeal); *Bullock v. Berrien*, 688 F.3d 613 (9th Cir. 2012) (regulation requiring termination of appeal grants "deference to the authority of the federal district court). Because plaintiff timely filed her lawsuit in this court, her subsequent filing of Form 573 is a non-event and certainly not grounds to dismiss her lawsuit for failure to exhaust administrative remedies. Stated another way, to the extent plaintiff was required to choose between filing a lawsuit and pursuing an administrative appeal to the EEOC, she clearly elected to file a lawsuit. The motion to dismiss, then, is denied.

Even putting aside the sequence of plaintiff's filings, the court would nonetheless deny the motion. In *Mathis v. Corporation for Nat'l & Community Service*, 327 F. Supp. 2d 154 (D. Conn. 2004), the plaintiff timely filed a lawsuit in federal district court after filing an untimely appeal with the EEOC. Rejecting the argument that the plaintiff had failed to exhaust her administrative remedies, the district court explained:

> This Court concludes that an untimely appeal of a [final agency decision] to the EEOC under 29 C.F.R. § 1614.402 is, in effect, a non-event and does not constitute an effective election between an EEOC appeal and a federal civil action, and that a federal action commenced within 90 days of receipt of a [final agency decision] will not be dismissed for failure to exhaust administrative remedies. This holding does not encourage dilatory conduct or waste of administrative resources. Because all statutory and regulatory deadlines are enforced, no dilatory conduct is permitted. Because the EEOC appeal processing is terminated upon the federal court filing, *see* 29 C.F.R. § 1614.409, no administrative resources are unnecessarily expended.

*Id*. at 158. The *Mathis* decision is a reasonable one and, in the absence of any contrary authority, the court would hold that plaintiff's untimely filing of Form 573 is not an effective election of an EEOC appeal over a timely filed federal civil action—particularly where, as here,

4

plaintiff did not intend to initiate appeal. And even if plaintiff did intend to initiate an appeal, she clearly desires to abandon any appeal and pursue only the civil action here. Those facts similarly warrant the denial of the motion. *See Bullock*, 688 F.3d at 618-19 (if employee files optional administrative appeal with EEOC, she may withdraw that appeal and file suit without waiting 180 days from the filing of the appeal; plaintiff does not fail to exhaust administrative remedies by withdrawing optional appeal within 180 days after filing appeal).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 5) is denied.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2016, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge