# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA K. ADCOX,          ) | |
|           ) | |
|       **Plaintiff,**      ) | |
|           ) | |
| **v.**          ) | **Case No. 15-9258-JWL-GEB** |
|           ) | |
| **UNITED STATES POSTAL SERVICE,** ) | |
|           ) | |
|       **Defendant.**     ) | |

## ORDER

Plaintiff, a rural mail carrier for the United States Postal Service, brings this action against her current employer, alleging: 1) discrimination due to her gender; and 2)  her employer harassed her, creating both a gender-based and retaliation-based hostile work environment for an 18-month period in 2010 through 2012.  This case was filed September 11, 2015, and was scheduled for a final pretrial conference when a discovery dispute arose.  On November 9, 2016, the Court convened an in-person pretrial conference and motion hearing to address both the status of this case and Plaintiff's Motion to Compel (**ECF No. 47**).

Plaintiff appeared through counsel, Aubrey P. Gann-Redmon.   Defendant appeared through counsel, Christopher Allman and David Clay Britton, III.  After review of the parties' written briefing (ECF Nos. 47, 49) and hearing oral arguments of counsel regarding the discovery dispute, the Court announced its ruling at the hearing.  This order

memorializes the oral ruling and **GRANTS IN PART** and **DENIES IN PART** the motion as set forth below.

## Requests at Issue

Plaintiff complains of repeated difficulty receiving discovery responses from Defendant.  Her motion (ECF No. 47) asks the Court to compel Defendant to produce records from six categories of information, and/or to sanction Defendant for its failure to produce the documents earlier.  The categories of requests include:

1. Mail count documents (Pl.'s Interrog. No. 23);
2. Documents and information pertaining to leave requests and attendance; (Pl.'s Interrog. No. 12; Req. Nos. 17, 26, 27, 34);
3. Documents pertaining to unofficial personnel files of both Plaintiff and Plaintiff's former supervisor, Randy McHenry (Pl.'s Req. Nos. 1, 2, 8);
4. Documents pertaining to allegations of misdelivery of mail (Pl.'s Req. No. 23);
5. Documents pertaining to damaged arrow keys (Pl.'s Req. No. 28); and
6. Documents pertaining to Plaintiff's route and line of travel (Pl.'s Req. Nos. 30, 49).

Most of the underlying discovery requests were answered by Defendant with statements that it either did not retain the information sought, or the USPS had no responsive documents.  Believing the documents did not exist, Plaintiff did not seek to compel production earlier.

## Arguments

During depositions in September 2016, three present or former USPS employees testified regarding known litigation holds and retention policies applicable to many of the documents which Defendant claimed, on repeated occasions, were unavailable.  Plaintiff argues the requested documents have existed, both prior to and during the course of

litigation in this case.  She believes the documents have either not been diligently located or have been destroyed in contravention of litigation holds and Defendant's duty to maintain them.  Plaintiff further argues despite being notified that Plaintiff felt harassed as early as December 2011; despite having been notified that Plaintiff was filing EEOs as early as March 2012; and finally, despite having been served formal litigation hold requests by EEO investigators on multiple occasions, documents were neither preserved nor produced.  Compounding Plaintiff's suspicion of the existence of documents, and lack of Defendant's effort, is Plaintiff's personal discovery, on the day she filed her motion to compel, of documents potentially responsive to Category 2 (leave/attendance documents) in a supply room on Defendant's property.  Plaintiff contends this is further evidence of Defendant's abject failure to properly investigate and produce responsive documents.

Defendant contends Plaintiff's sudden discovery is suspect and disingenuous, at best.  Defendant further argues it has fully responded, to the best of its ability, to 49 requests for production and 34 interrogatories served by Plaintiff.  And, it has produced more than 7,000 pages of documents.  Defendant also claims many of the documents sought by Plaintiff were not subject to any litigation hold because the holds were primarily narrowed to timekeeping records.

Defense counsel, in both his responsive brief and during oral argument, acknowledges difficulty in retrieving documents from the USPS location.  Further hampering discovery efforts is the fact that Plaintiff's former supervisor, Randy McHenry, who allegedly perpetrated the harassment, is currently on leave from USPS.

On October 31, 2016, the day of the scheduled pretrial conference, Defendant produced more than 800 pages of documents from Plaintiff's "unofficial"[1] personnel file and Randy McHenry's personnel file (category 3).  Defense counsel reports he plans to return to Defendant's location to further review the information recently discovered and thoroughly investigate the same location for additional relevant documents.

To date, as to the category of documents requested by Plaintiff,  Defendant submits it did not retain mail count documents (Category 1); the documents pertaining to leave and attendance have been located and are being reviewed (Category 2); the personnel files have been produced (Category 3); mail misdelivery documents no longer exist (Category 4); the arrow key log no longer exists (Category 5); and the documents regarding Plaintiff's route (Category 6) are not maintained, because Defendant's computer system overwrites this information as new routes are added.

## Orders

As a threshold matter, Defendant argues Plaintiff's motion should be denied for failure to properly confer as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. Plaintiff contacted Defendant prior to filing her motion by email only.  The local rule and case law from this district make clear counsel must "in good faith converse, confer,

---

[1] Plaintiff's Request No. 1 sought Plaintiff's complete *unofficial* personnel file (and Request No. 2 sought Randy McHenry's *unofficial* personnel file from 2010 through the present date. Plaintiff contends these unofficial records are not maintained by the national Office of Personnel Management, but are maintained at each location by local management. The unofficial records normally contain such items as driver observation forms, pending EEO documents, doctor's notes, and the like. (Pl.'s Motion, ECF No. 47 at 13-14.)

compare views, consult and deliberate."[2]  Email correspondence alone does <u>not</u> constitute sufficient conference.  However, despite the lack of thorough conference, given the timing of the disputes, and the apparent history of the parties' interactions, in its discretion, the Court chooses to address Plaintiff's motion on its merits.[3]

The Court acknowledges Defendant's recent production of the unofficial personnel files sought in Plaintiff's Request for Production No. 2 (Category 3); however, notes this production occurred on the date of the pretrial conference and after the close of discovery. (*See* Sched. Order, ECF No. 25, establishing an Oct. 14, 2016, discovery deadline.)  Because Plaintiff is entitled to reasonable time to review the production, and the opportunity to follow up on any relevant information arising therein, Plaintiff's motion is **GRANTED IN PART** to the extent she will be allowed reasonable, limited discovery regarding the production.  The Court plans to oversee this additional discovery to ensure it is, in fact, limited to what is reasonable in light of recent production.

Plaintiff's motion is **DENIED IN PART** to the extent that Defendant will not be ordered to produce documents it does not have in its possession.  However, given Plaintiff's recent discovery of responsive documents in a supply closet on Defendant's property, Defendant is **ORDERED** to extensively research the existence of the documents sought in Plaintiff's motion, and to either produce any documents located or

---

[2] D. Kan. Rule 37.2; *Williams v. Bd. of Cty. Comm'rs of Unified Gov't of Wyandotte Cty. & Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000).
[3] *See Miller v. NEP Grp., Inc.*, No. 15-CV-9701-JAR-TJJ, 2016 WL 6395205, at *3 (D. Kan. Oct. 28, 2016) (citing *White v. Graceland Coll. Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. Mar. 18, 2009).

submit to Plaintiff a verified statement clarifying their existence (or lack thereof) and ability to be discovered.

Plaintiff's motion for sanctions is **DENIED IN PART**, in that the Court finds no bad faith or intentional omission on the part of Defendant which would support an adverse inference instruction at trial.[4]  Furthermore, because some of the documents requested by Plaintiff appear to fall outside the topic of "timekeeping records" as suggested in the oldest of litigation holds, the Court hesitates to find Defendant spoliated information, but prefers to characterize the lack of production as something more akin to negligent failure to produce—which still provides a basis for sanctions.[5]

In light of the more than 800 pages of unofficial personnel files produced at a late hour, of which Defendant should have been aware, and should have produced, or supplemented in response to Plaintiff's requests, Plaintiff's motion is **GRANTED IN PART**.  Not only should Defendant have been aware of the existence of the personnel documents, but Plaintiff demonstrated prejudice in that the information present in the personnel files may necessitate the taking of deposition(s) of the individuals mentioned therein.  Because Fed. R. Civ. P. 37(a)(5)(A) requires the court to impose sanctions if discovery is provided after a motion to compel is filed or if the motion is granted, but

---

[4] Fed. R. Civ. P. 37(e)(2) requires "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may [the court] instruct the jury that it may or must presume the information was unfavorable to the party."  *See, e.g.*, the discussion of Rule 37(e) regarding spoliation of electronic discovery in *Marten Transp., Ltd. v. Plattform Advert., Inc.*, No. 14-2464-JWL-TJJ, 2016 WL 492743, at *4 (D. Kan. Feb. 8, 2016). Although it appears the discovery sought by Plaintiff in this case may be a combination of both electronic and paper discovery, the court's analysis in *Marten* is instructive.

[5] *See Herington v. City of Wichita*, No. 14-1094-JTM-KGG, 2016 WL 4565768, at *4 (D. Kan. Sept. 1, 2016) (quoting *Frydman v. Department of Justice*, 760 F. Supp. 193, 194 (D. Kan. 1991) (holding that "sanctions can be issued for negligent failure to provide discovery . . . .")).

Rule 37(e) instructs the court to "order measures no greater than necessary to cure" any prejudice caused by spoliation, the Court orders as follows:

Finding prejudice to Plaintiff and some negligence on the part of defendant, Defendant is sanctioned to bear the reasonable costs of any additional depositions by Plaintiff, made necessary upon review of the recent yet late production of documents, and any additional production arising from this Order.  However, because the Court questions the cleanliness of both parties' hands, rather than ordering additional sanctions in the form of fees or costs, the Court chooses to pursue an otherwise curative path to resolution of the remaining discovery issues.[6]

All current deadlines are **VACATED** pending the conduction of additional discovery.  The deadline for the additional discovery ordered herein is **January 31, 2017**. Plaintiff is to report to the Court, in writing, no later than **December 9, 2016** with a proposal regarding additional depositions, including:   the number of depositions sought to be taken, length of deposition(s) not to exceed four hours per deposition, and agreed-upon dates and location of the deposition(s).  The parties are to confer and submit a proposed discovery schedule no later than **December 20, 2016**.  A telephone status conference is set for **February 7, 2017 at 2:00 p.m.**, to be initiated by the Court, to review the progress of discovery.  A final Pretrial Conference will be scheduled upon the

---

[6] *See* the 2015 amendments to Fed. R. Civ. P. 37(e) and the corresponding comments.  As stated *supra*, page 6-7, the amended rule permits the Court to, "upon finding prejudice to another party from loss of the information . . . order measures no greater than necessary *to cure* the prejudice" (emphasis added).  The Advisory Committee's notes make clear the Court should "exercise caution" to ensure the remedies imposed by the Court "fit the wrong" committed by a non-producing party.

conclusion of the limited discovery.  If the parties confer prior to the status conference and believe the discovery to be more limited than expected, or agree on earlier deadlines, they are free to submit a joint proposal of modified deadlines by email to the Court at ksd_birzer_chambers@ksd.uscourts.gov.

Both parties are reminded of their obligation to ***meaningfully confer*** regarding future discovery per D. Kan. Rule 37.2, and referred to the Pillars of Professionalism, available on the Court's website, which govern interactions between counsel.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 22nd day of November 2016.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge